IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY, a foreign insurer,

    Plaintiff,

v.                                                          Case No. 22-cv-0725-KG-JHR

FABIAN T. CARRASCO, SR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Intervenors Tiffany Gutierrez's and Dani-Le Acosta's Motion to Intervene (Doc. 8) and Plaintiff American National Property and Casualty Company's Motion for Judgment on the Pleadings (Doc. 9). The Motion to Intervene is fully briefed. *See* (Docs. 10, 13). The Motion for Judgment on the Pleadings received no response and is ripe for adjudication. *See* (Doc. 18). The Court, having considered the briefing and applicable law, grants the Motion for Judgment on the Pleadings and denies the Motion to Intervene.

I.    *Background*

This is a declaratory judgment action brought by insurer American National against the insured, Defendant Fabian T. Carrasco, Sr., requesting a finding that it is not obligated to insure, indemnify, or defend him in an underlying state tort case. *Generally* (Doc. 1). Taking the story from the beginning, one night in 2017, Mr. Carrasco shot Ms. Gutierrez in the face, an injury she survived, and fatally shot Danette Acosta in the head. *Id.* at 4. He eventually pleaded no contest to second degree murder and attempt to commit first degree murder. *Id.* at 1. Subsequently, Ms. Gutierrez and Dani-Le Acosta, as representative of the estate of Danette Acosta, brought a civil action against Mr. Carrasco in state court for negligence *per se*, assault and battery, intentional

infliction of emotional distress, and wrongful death. *Id.* at 5. That is the underlying state court case from which this action springs.

Because American National insured Mr. Carrasco with home and auto policies at the time of the shooting, it seeks this declaratory judgment to clarify that Mr. Carrasco's conduct falls within the two policies' exclusions and therefore American National is not on the hook to defend Mr. Carrasco at his civil trial or to cover any potential civil judgment. (Doc. 1) at 11–12. Mr. Carrasco, representing himself, answered the Complaint and conceded the issue:

> Defendant has no objection to the court entering a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and Rule 57, Fed. R. Civ. P., on the sole issue that the only relief Plaintiff is entitled to is a declaratory judgment that the Plaintiff American National Property and Casualty Company has no obligation or duty under the existing homeowner and auto policies to defend or indemnify Defendant Fabian T. Carrasco, Sr., as set forth in the prayer for relief of the Complaint.

(Doc. 7) at 2 (emphases in original).

After Mr. Carrasco's Answer, Ms. Gutierrez and Ms. Acosta filed their Motion to Intervene. They argue they have "a direct, substantial, and legal interest in whether American National is legally obligated to indemnify Mr. Carrasco if he is found liable for the damages" in their underlying lawsuit because "Mr. Carrasco is serving a lengthy prison sentence and arguably has no assets." (Doc. 8) at 4. American National responded in opposition to intervention, contending that the Motion was untimely, that Mr. Carrasco adequately represents intervenors' interest, and that the intervenors' interest is only speculative. (Doc. 10) at 4–5.

Concurrent with that Response, American National filed a Motion for Judgment on the Pleadings. (Doc. 9). It asserts that given the facts alleged, the proffered insurance policy language, and Mr. Carrasco's stipulation to the relief sought, the Court can enter declaratory judgment based on the pleadings. *Generally* (Doc. 9).

The Court agrees with American National that this case is ripe for adjudication on the pleadings alone and grants its Motion for Judgment on the Pleadings. The Court consequently denies the Motion to Intervene as moot. But even if it were not moot, the Court concludes the Motion to Intervene fails on the merits for failure to state a direct interest in this action.

II.     *The Motion for Judgment on the Pleadings is Granted*

Judgment on the pleadings is appropriate "when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted). In analyzing a Rule 12(c) motion, the Court should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in that party's favor." *Id.* (citation omitted). The Court takes this to mean that when a Plaintiff moves for judgment on the pleadings, the Court should "accept as true all factual allegations in the answer and all factual allegations from the complaint that the defendant admits or fails to deny." *United States v. Zazi*, 356 F. Supp. 3d 1105, 1114 (D. Colo. 2018); *see also Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 619 Fed. Appx. 705, 710–714 (10th Cir. 2015) (affirming grant of plaintiff's motion for judgment on the pleadings after finding no material issue in dispute considering the complaint and answer).

Here, the Court is presented facts about an underlying crime involving the shooting of two women in the face at close range. *See* (Doc. 1) at ¶¶ 25–26; (Doc. 7) at 2 (not disputing those facts). That crime resulted in Mr. Carrasco pleading no contest and being convicted of Second Degree Murder and Attempt to Commit First Degree Murder. *See* (Doc. 1) at ¶ 2.[1] The

---

[1] The Court notes that ¶ 2 is the only "fact" Mr. Carrasco denies. *See* (Doc. 7) at 1, ¶ 3. Paragraph 2 contains several distinct factual contentions, however, and it is not clear which Mr. Carrasco intended to deny. To the extent he denies any factual contention other than his no

Court takes judicial notice of that plea and conviction.[2] *See State of New Mexico v. Fabian T. Carrasco, Sr.*, D-503-CR-201700228, Fifth Judicial District Court, State of New Mexico (Judgment and Order filed Aug. 8, 2019). The Court is also presented facts about a state tort case arising from that act and claiming damages for negligence *per se*, assault and battery, intentional infliction of emotional distress, and wrongful death. *See* (Doc. 1) at ¶¶ 32–37; (Doc. 1) Ex. A (State Court Complaint). Again, the Court takes judicial notice of the state court civil case. *See Tiffany Gutierrez and Dani-Le Acosta v. Fabian T. Carrasco, Sr.*, D-503-CV-201700952, Fifth Judicial District Court, State of New Mexico (filed July 28, 2017). Finally, the Court is presented policy language related to the American National automobile and home insurance which Mr. Carrasco owned. (Doc. 1) at ¶ 45; (Doc. 7) at 4 (not denying policy language). Both policies clearly exclude coverage of damages caused by criminal or intentional acts.[3] *Id.* Mr. Carrasco does not present any facts of his own. *Generally* (Doc. 7). In fact, he

---

contest plea, the Court deems those facts immaterial. To the extent he denies his no contest plea, the Court takes judicial notice of Mr. Carrasco's plea and conviction.

[2] See *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting court "may exercise [its] discretion to take judicial notice of publicly-filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *and St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts . . . may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[3] Under the auto policy, there is "no coverage under PART I – Liability" for "bodily injury or property damage caused by criminal acts or intentionally by or at the direction of any insured person" nor for "punitive or exemplary damages." (Doc. 1) at ¶ 45. Similarly, the homeowner's policy stipulates that "Coverage E - Personal Liability and Coverage F- Medical Payments to Others do not apply to bodily injury or property damage" which "is caused intentionally by or at the direction of any insured" nor "arising out of any criminal act committed by or at the direction of any insured" nor does personal liability coverage apply to "punitive or exemplary damages." *Id.*

only disputes one of American National's proffered facts. (Doc. 7) at 1.[4] Thus, the Court is satisfied that no genuine factual dispute exists, and American National is entitled to judgment on the pleadings. Moreover, Mr. Carrasco concedes that the declaratory judgment is proper. Given that stipulation, there is no legal dispute to adjudicate.[5] The Court, therefore, grants the Motion for Judgment on the Pleadings.

This ruling renders the Motion to Intervene moot. There are no controversies into which Ms. Gutierrez and Ms. Acosta could insert themselves nor dormant arguments to awaken. And if it were not moot, the Court alternatively determines the Motion to Intervene fails on the merits.

III.     *The Motion to Intervene is Denied*

The Court concludes the Motion to Intervene must be denied because it does not state a direct interest in this lawsuit. Federal Rule of Civil Procedure 24 governs intervention, and Ms. Gutierrez and Ms. Acosta argue for both types—intervention by right and permissive intervention.

---

[4] See *supra* footnote 1.

[5] The Court is unaware of, and the parties have not offered any, exceptions to the exclusions under New Mexico law. In fact, the Court finds New Mexico courts would likely uphold and enforce the criminal and intentional acts exclusions in these policies. The general rule in New Mexico is that "exclusions in insurance policy coverage provisions that are clear and unambiguous and that do not conflict with public policy expressed by statute will be enforced." *New Mexico Physicians Mut. Liab. Co. v. LaMure*, 1993-NMSC-048, ¶ 9; *see also Evanston Ins. Co. v. Desert State Life Mgmt.*, 56 F.4th 899, 908 (10th Cir. 2022) ("In New Mexico, unambiguous contract provisions are applied, not interpreted." (citation omitted)). And New Mexico Courts have upheld intentional and criminal act exclusions. *See, e.g., LaMure*, ¶ 17 (upholding criminal acts exclusion and holding medical malpractice insurer not required to indemnify physician found guilty of felonious sexual assault of a patient); *Martin v. W. Am. Ins. Co.*, 1999-NMCA-158, ¶ 15 (holding homeowners' insurance not obligated to defend insured in personal injury action brought by stepdaughter because insured's underlying battery of stepdaughter fell within intentional conduct policy exclusion).

Under Rule 24(a) a nonparty seeking to intervene as of right "must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane County, Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (citing *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)).

Under the "interest relating to the property or transaction that is the subject of the action" element, the Tenth Circuit requires that "[the] interest in the proceedings be 'direct, substantial, and legally protectable.'" *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quoting *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.)*, 998 F.2d 783, 791 (10th Cir. 1993)) (citations and quotations omitted). A protectable interest is one that "would be impeded by the disposition of the action." *Zinke*, 877 F.3d at 1165 (internal quotation and citation omitted). "Whether [Intervenor] has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Coal. of Ariz./New Mexico Ctys. for Stable Econ. Growth*, 100 F.3d at 841.

Ms. Gutierrez and Ms. Acosta argue they have an interest in this action because Mr. Carrasco "arguably has no assets." (Doc. 8) at 4. While it may be that this declaratory judgment could have downstream effects on Intervenors' ability to satisfy a potential future judgment against Mr. Carrasco, that distant and uncertain connection does not make for a "direct" and "legally protectable" interest that is "the subject of the action."

In arriving at this conclusion, the Court notes multiple district court rulings in this circuit have found that a contingent interest in insurance proceeds is too remote or speculative to create a direct interest in an insurance declaratory action. *See Genesis Ins. Co. v. Crowley*, 2005 WL 3989772, at *3 (D. Colo. Aug. 31, 2005) (conducting comprehensive treatment of circuit split,

noting lack of Tenth Circuit precedent, reasoning that "the [Intervenor]'s interest in the Policy proceeds, which is contingent upon the [Intervenor]'s first obtaining a judgment against the defendants in the [state] action, is too attenuated…."); *Empire Fire & Marine Ins. Co. v. Timeline Recovery, L.L.C.*, 2006 WL 2345005, at *1 (N.D. Okla. Aug. 10, 2006) ("[Intervenor] has no legal relationship with [Insurer] and no present legal interest in the obligations of [Insurer] to its purported insured. Any legal interest presently possessed by [Intervenor] is related solely to the alleged tortious acts of [Insurer]'s purported insured, not [Insurer]."); *Auto-Owners Ins. Co. v. Clayton*, 2021 WL 4805140, at *3 (D. Utah Oct. 13, 2021) ("This case concerns contractual rights between [Insurer] and [Insured]. The resolution of those rights has a tangential, not a concrete or direct impact on [state court Plaintiff], because even if the court finds there is no right to coverage for [Insured], [state court Plaintiff] must still prevail in the underlying action[.]").

  Here, Ms. Gutierrez and Ms. Acosta do not state any direct legal claim to the insurance policy itself nor that they have any standing to argue about the policy in place of the owner and claimant of the policy—Mr. Carrasco, in this case—who concedes the inapplicability of the policy to his personal liability. *Cf.*, *Progressive N. Ins. Co. v. Orrison*, 2023 WL 3437809, at *1 (E.D. Okla. May 12, 2023) (granting intervention only where the intervenor might have been "a beneficiary" or an "additional insured under the policy"). Instead, their claimed interest is, as in the cases cited above, a step removed from the insurance dispute—contingent on winning a judgment in their tort case and based on an equivocal assertion about Mr. Carrasco's other assets. For these reasons, the Court concludes Ms. Gutierrez and Ms. Acosta's stated interest in the subject of this action is too speculative and attenuated to meet the "direct, substantial, and legally protectable" requirement for intervention by right.

The Court turns to permissive intervention. Rule 24(b)(1)(B) provides that, on timely motion, a court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion to permit a party to intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).

Here, the Court determines permissive intervention would be improper. The declaratory action before the Court is essentially a case of contract interpretation. Ms. Gutierrez and Ms. Acosta are not parties to or beneficiaries of that insurance contract and have no claims or defenses to raise related to it, especially where the owner of the policy is an active participant in the litigation and has stated his position. What arguments intervenors would or could raise are not clear to the Court, and they do not state them in their Motion. No doubt their intervention would result in new motions and briefing to which American National would be required to respond. This would work an unnecessary delay on the litigation where the Court has already determined it is ripe for judgment on the pleadings.

IV.   *Conclusion*

Because Mr. Carrasco's Answer makes clear that no factual or legal controversy remains, the Court GRANTS American National's Motion for Judgment on the Pleadings (Doc. 9). The Motion to Intervene (Doc. 8) filed by Ms. Gutierrez and Ms. Acosta is DENIED as moot, and alternatively DENIED on the merits for failure to name a direct interest in this litigation. The Clerk of Court is hereby ORDERED to provide notice of this Order to the proposed intervenors

at the address in their Motion. Declaratory judgment will be entered separately.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE